No. 4.—WRIGHT W. HARRELL and LOVELL W. HARRELL, plaintiffs in error, *vs.* BENJAMIN B. HAMILTON, executor, defendant.

[1.] The 3d section of the Act of 1755, which requires all wills and testaments to be recorded within three months from the death of the testator, is not of force in this State.

Caveat to Will. On Appeal, in Pulaski Superior Court. Tried before Judge SCARBOROUGH, October Term, 1848.

On the 26th day of July, 1846, William Hamilton died, having previously made and published his last will and testament. On the 3d day of November, 1846, the said will was offered for probate, by Benjamin B. Hamilton, the executor, to which a caveat was filed by Wright W. Harrell and Lovell W. Harrell, on the ground, that under the Act of 1755, all wills are required to be recorded within *three* months after the death of the testator.

The Superior Court of Pulaski County, upon appeal from the Court of Ordinary, charged the Jury, that "the Act of 1755 is inoperative, and in conflict with the 2d and 7th sections of the Act of 1810, if not the Act of 1821, and other Acts."

This decision is excepted to, and is now assigned as error.

I. L. HARRIS, for plaintiff in error.

C. B. COLE, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question made by the record in this case, is, whether the 3d section of the Act of 1755, which requires that all wills and testaments shall be registered, in the Register of Records' Office, within three months from the death of the testator, and on failure to be so registered, shall be deemed void and of no effect, is of force in this State.

The Court below ruled the Act of 1755 is inoperative, and in conflict with the 2d and 3d sections of the Act of 1810, and other Acts. The Act purports to be "An Act, to prevent fraudulent *deeds* of conveyance." *Prince*, 158. We concur in opinion with the Court below, that the Act of 1755, requiring wills to be recorded within three months from the death of the testator, is inoperative, and inconsistent with the provisions of subsequent Acts of the Legislature. By the Act of 1799, the jurisdiction and authority to hear and determine all causes, matters, suits and controversies, testamentary, touching the *proof of wills*, and granting the *probate* thereof, is vested in the Court of Ordinary. *Prince*, 231. By the Act of 1805, an appeal is allowed from the Court of Ordinary to the Superior Court, and the 3d section of the Act of 1805, repeals all Acts theretofore passed, militating against that Act.

By the Act of 1810, the Inferior Court is required to meet on the first Monday in January, and on the first Monday in every other month thereafter. *Prince*, 240. The Superior Courts, by the Judiciary Act of 1799, are required to be held in each County twice in every year. *Prince*, 419. The will of a testator is offered for probate in the Court of Ordinary, and is contested. The Court of Ordinary decide it is not the will of the testator, and refuse to permit it to be recorded as such. The propounder of the will enters an appeal to the Superior Court, and the will is there established and ordered to be admitted to record, as the last will and testament of the testator; but if more than three months have elapsed from the death of the testator, before the will is recorded, then it is void and of no effect, if the Act of 1755 is of force. The will cannot be admitted to record, until it is *proved to be the will of the testator;* and the Court of Ordinary have original jurisdiction, to

take the *proof* of wills and grant *probate* thereof, under the Act of 1799; and in cases of appeal from the Court of Ordinary to the Superior Court, when the decision of the Court of Ordinary is against the will, more than three months, in most cases, would necessarily elapse before the will could be *proved* in the Superior Court, and ordered to be entered of record in the Court of Ordinary.

Let the judgment of the Court below be affirmed.